UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARION WILCOX COMBS, as Trustee of the 2646 S, MADISON STREET TRUST, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>BETHANY HARRELL, et al.,<br><br>Defendant(s). | Case No.2:25-CV-2066  JCM (MDC)<br><br>ORDER |

Presently before the court is defendants Bethany Harrell, William Van Horn, Shelly Dill Combs, and Van Horn Family Law, P.C.'s motion to dismiss.  (ECF No. 10).  Plaintiffs Marion Wilcox Combs, as Trustee of 2646 S. Madison Street Trust ("MST") and Marion Wilcox Combs, as Trustee of the Guy St. Clair Combs 2013 Trust ("GSC") filed a response (ECF No. 11), to which defendants replied (ECF No. 13).

Also before the court is plaintiffs' motion to file a sur-reply.  (ECF No. 16).  No responses were filed.

**I.      Background**

The instant motion arises from a series of fraud allegations by plaintiffs.

Plaintiff GSC owned 2646 S. Madison Street since January 2020 and planned to sell it in early 2023.  (ECF No. 10, Ex. 1 ¶ 9).  It obtained a buyer for $1,950,000.  (*Id.* ¶ 10).

Before plaintiff could sell the real property at that price, defendants filed and recorded a lis pendens against the property as part of a Colorado divorce action between defendant Shelly Dill

Combs and Scott Combs, GSC's beneficiary. (*Id.* ¶ 11; ECF No. 11, Ex. 6 ¶ 2). Plaintiffs were not parties to the divorce case.

To discharge the lis pendens, plaintiff GSC decanted the property into a newly formed trust: plaintiff MST. (ECF No. 10, Ex. 1 ¶ 12). As a result, plaintiff MST became the owner of the entire interest in the property by warranty deed recorded April 5, 2024. (*Id.* ¶ 13).

Plaintiff MST initiated an action in Nevada state court to determine the validity of the lis pendens. (*Id.* ¶ 14). On August 19, 2024, Judge Gloria Sturman issued an oral ruling from the bench. (*Id.* ¶ 15). Judge Sturman then issued her findings of fact and conclusions of law in December 2024, finding that the lis pendens was improperly filed and "must be expunged," that defendant Dill Combs "filed the lis pendens solely to secure an anticipated future money judgment; and that "her substantive claim for relief in the Colorado divorce action does not involve title to the real property." (ECF No. 10, Ex. 1 ¶ 16). She also noted that the "[d]ecanting of [GSC] to form [MST was] appropriate to address the one asset owned by [MST]" (that being the subject property). (ECF No. 11, Ex. 6 ¶ 7).

Plaintiffs claim that the property was unmarketable due to the recorded lis pendens. (*Id.* ¶ 19). They allege that defendants knew, since Judge Sturman's August 2024 oral ruling, that the lis pendens was improper. (*Id.* ¶ 17). Indeed, in May 2023, defendant Van Horn left a voice message for the settlor of both trusts, demanding money in exchange for the release of the lis pendens. (*Id.*). Defendants did not cancel or release the lis pendens until March 24, 2025, despite plaintiffs' requests that they do so. (*Id.* ¶ 18).

Plaintiff MST sold the property for $1,830,267 in August 2025—$119,733 less than expected. (*Id.* ¶ 20).

As a result, plaintiffs brought this suit in state court alleging various fraud-based state law claims. Defendants then timely removed to this court (ECF No. 1) and now move to dismiss the complaint in its entirety. (ECF No. 10).

## II. Legal Standards

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of

- 3 -

misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679.  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

A heightened pleading standard applies to claims of fraud.  Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  However, "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when

justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III.     Materials That a Court May Consider

In ruling on a motion to dismiss, a district court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

If adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *Id.* at 909; *see* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009). "Court orders and filings are the type of documents that are properly noticed under [Rule 201(b)]." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112 (C.D. Cal. 2003).

Plaintiffs attach an order from the Eighth Judicial District of Nevada, case no. P-24-120512-T ("Judge Sturman's order"), to their response, pursuant to Federal Rule of Evidence 201(b)(2) as a publicly filed and recorded document. (ECF No. 10, Ex. 6). Defendants do not object. (ECF No. 13 at 3 n.11). Accordingly, the court takes judicial notice of Judge Sturman's order.

## IV. Discussion

As an initial matter, plaintiffs' motion for leave to file a sur-reply is denied. (ECF No. 16).

Plaintiffs assert five claims for relief, all of which are rooted in allegations of fraudulent conduct by defendants: state law claims of civil conspiracy to defraud, common law fraud, negligence per se (based on extortion), interference with (prospective) contractual relations, and a violation of Nevada's RICO statute (based on extortion). Defendants argue that the court should dismiss plaintiffs' case in its entirety on the grounds that plaintiffs (1) have not sustained any damages; (2) fail to state any claim upon which relief can be granted; and (3) rely on penal statutes that do not provide a private civil right of action.

### A. Damages

Defendants argue that plaintiff GSC has not sustained any damages because it was not the owner of the property at the time of sale. It conveyed all interest in the property to MST in April 2024, who then sold it for the below-expected value in Augusts 2025. Defendant further argues that MST has not suffered any damages because it was GSC that received the higher $1.95 million offer; MST did not receive a similar offer while it owned the property.

Plaintiffs rebut that the reason that MST exists, and that GSC ever transferred the property to it, was due to the defendants placing an allegedly fraudulent lis pendens on the property that affected its salability. MST would not have existed otherwise. Indeed, Judge Sturman found that

the decanting of GSC to form MST was appropriate.  (ECF No. 11, Ex. 6 ¶ 7).

Moreover, GSC and MST share the same trustee, concern the same real property, and share a beneficiary in common.  MST is functionally the same as GSC.  The court finds defendants' arguments as to damages unpersuasive.

### B.  Claims for Relief

#### 1.  *Common Law Fraud*

The elements of common law fraud are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) resulting damage. *Barmettler v. Reno Air*, 956 P.2d 1382, 1386 (Nev. 1998).

Plaintiffs allege that defendants falsely represented themselves as having a legal interest in the property, when they did not.  They further allege that defendants knew that the lis pendens was "improper" as of August 19, 2024, yet continued to represent themselves as having a legal interest in the property by refusing to record a cancellation of the lis pendens.  (ECF No. 11, Ex. 6 ¶ 6). Realtors and title companies reasonably relied on this misrepresentation, resulting in damage to the plaintiffs.

However, plaintiffs have not pled this claim for relief with particularity to survive the motion to dismiss, as they fail to set forth how defendant intended to induce plaintiff to act or refrain from acting upon the alleged misrepresentation.  Plaintiffs can cure this deficiency by amending the complaint.

#### 2.  *Civil Conspiracy to Defraud*

To state a claim for civil conspiracy to defraud, the plaintiffs must allege: (1) a conspiracy

- 7 -

agreement (i.e., "a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another"); (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff. *Jordan v. State ex. Rel. Dep't of Motor Vehicles Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005), *overruled on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008). "Thus, an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." *Id.*

Plaintiffs separately assert a separate action for fraud; however, as set forth in the previous section, they have not pled fraud with particularity. Accordingly, plaintiffs fail to satisfy the second element of civil conspiracy to defraud. This claim is dismissed without prejudice.

### 3. Negligence Per Se/Crimes Against Property

Plaintiffs' third claim for relief is labeled "negligence per se," but they cite to Nevada's criminal statute for extortion, NRS 205.320, as the basis for the claim. Because this is a civil matter, not a criminal one, the statute does not provide plaintiff an avenue to relief.

Plaintiffs are incorrect when they argue that they can obtain relief under NRS 205.980(5) for two reasons: (1) they did not plead that statute in their complaint and (2) even if they did, the statute does not provide for a civil cause of action when there has not been a parallel criminal case. The language of NRS 205.980(5) provides that "Nothing in this section prohibits a victim from recovering additional damages from the defendant." Plaintiffs have not pled that they are victims in a criminal case brought under the relevant NRS provisions. *See* NRS 205.980(1).

This claim is dismissed without prejudice.

### 4. Interference with Contractual Relations

According to plaintiffs, the titling of this claim for relief was potentially a scrivener's error and should have been pled as "interference with prospective business advantage and contractual

relations," rather than "interference with contractual relations."  (ECF No. 11 at 12).

To prove intentional interference with prospective contractual relationship, a plaintiff must establish: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct."  *Wichinsky v. Mosa*, 847 P.2d 727, 729–30 (1993).

Plaintiffs fail to state a claim for intentional interference with contractual relations.  There is no allegation that GSC entered a contract with a third party to sell the property at the higher price of $1.95 million, as compared to the ultimate sale price of approximately $1.83 million.  *Rimini St. v. Oracle Int'l Corp.*, 473 F. Supp. 3d 1158, 1223 (D. Nev. 2020) ("The absence of any demonstrable breach or disruption of the existing contract defeats any cause of action for intentional interference with contractual relations.").

Plaintiffs also fail to plead a claim for intentional interference with prospective contractual relations with the requisite particularity.  Plaintiffs claim, among other things, that there was a prospective business relationship between "plaintiff and a third party to sell the [property] in April 2023 and again after December 2024."  (ECF No. 10, Ex. 1 ¶ 49).  The court understands the plaintiffs' position on the relationship between MST and GSC, but they need to specify "who" did "what" and "when" to meet the particularity requirement.  *See* Fed. R. Civ. P. 9(b); *Neubronner*, 6 F.3d at 671.  This is an issue that can be corrected with amendment of the complaint.

  5. *State Law RICO*

Plaintiffs fifth and final claim for relief is under Nevada's state civil RICO statute.  Defendants argue that plaintiff's claim for relief under Nevada RICO fails because they are

Colorado residents and must be sued there.  The court agrees.

Under NRS 207.470(3), civil actions for damages resulting from racketeering "must be instituted in the district court of the [s]tate in the county in which the prospective defendant resides or has committed any act which subjects him or her to … civil liability under…NRS 207.400." The defendants are all residents of Colorado and filed the lis pendens in Colorado.  Accordingly, Nevada RICO law precludes plaintiffs from suing defendants here.

This claim is dismissed.  To properly amend, plaintiff must provide supplemental briefing explaining why this provision should not apply.

### V.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED without prejudice.  Plaintiffs have twenty-one days to seek leave to amend and must attach the proposed amended complaint to the motion.  *See* Fed. R. Civ. P. 15(a)(2).

IT IS FURTHER ORDERED that plaintiffs' motion to file a sur-reply (ECF No. 16) be, and the same hereby is, DENIED.

DATED December 29, 2025.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE