# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

MARION WILCOX COMBS, as Trustee of the 2646 S, MADISON STREET TRUST, et al.,

Plaintiff(s),

v.

BETHANY HARRELL, et al.,

Defendant(s).

Case No.2:25-CV-2066  JCM (MDC)

ORDER

Presently before the court is a motion for leave to file a first amended complaint by plaintiff Marion Wilcox Combs, as Trustee of 2646 S. Madison Street Trust and Trustee of the Guy St. Clair Combs 2013 Trust ("plaintiffs").  (ECF No. 28).  Defendants Shelly Dill Combs, Bethany Harrell, William Van Horn, and Van Horn Family Law, P.C. filed a response (ECF No. 29), to which plaintiffs replied (ECF No. 30).

## I.      Background

On December 29, 2025, this court dismissed the plaintiffs' complaint without prejudice and allowed them twenty-one days to seek leave to amend their complaint.  (ECF No. 25). Plaintiffs timely filed a motion to amend their complaint on January 15, 2026.  (ECF No. 28).

## II.     Legal Standard

Under Rule 15(a), leave to amend "shall be freely given when justice so requires[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo*

*Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  The Supreme Court in *Foman v. Davis* provided five factors for courts to consider in determining whether grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies through previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment.  *Id.*  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (internal citations and quotations omitted).  If a proposed amendment would be subject to dismissal, leave to amend need not be given.  *See id.*

**III.    Discussion**

This would be plaintiffs' first amended complaint.  Accordingly, this factor does not weigh against granting leave to amend the complaint.  There is also no indication of undue delay, bad faith, or dilatory motive by the plaintiffs, nor any undue prejudice that would result to the defendants.  Additionally, plaintiffs filed their motion for leave to amend within the 21-day timeline allotted by the court.

Defendants focus their arguments on the final *Foman* factor, arguing that amendment would be futile because the proposed amended complaint does not comply with Rule 8, the doctrine of res judicata precludes plaintiffs from proceeding in this case, plaintiffs failed to address the deficiencies identified by the court in its December 29, 2025, order, and addition of the new claims would be futile.

A.    Rule 8

The court first addresses defendants' argument that the proposed amended complaint does not meet the requirements of Rule 8.

. . .

- 2 -

Federal Rule of Civil Procedure 8 mandates that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although normally verbosity or length is not by itself a basis for dismissing a complaint," the Ninth Circuit has affirmed dismissal of pleadings that were "verbose, confusing[,] and almost entirely conclusory," *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981), excessively long and confusing, *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985), and those that were "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996). *See also Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"); *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.2d 1047, 1058–59 (9th Cir. 2011) (affirming district court's denial of leave to amend because proposed pleading was extraordinarily long). A district court may dismiss a complaint that is in violation of Rule 8. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Plaintiffs' original complaint was a neat twelve pages alleging five claims for relief. The proposed amended complaint removes two claims for relief and adds three, netting a total of one additional claim for relief. Yet, somehow, plaintiffs decided it was necessary to submit a 79-page proposed amended complaint.

The core issue from the original complaint was not complicated: the plaintiffs asserted that the defendants knowingly and improperly placed a lien on 2646 S. Madison Street, which they owned at relevant times. There is no identifiable need for an additional sixty-seven (67) pages to fix the deficiencies identified by the court in its December 2025 order. The proposed amended complaint rambles on about unrelated familial disputes, cases in other jurisdictions, and third-party actors not clearly related to the issues at hand. It is no longer a "short and plain statement." As

the Ninth Circuit aptly stated, district courts "are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations." *Cafasso*, 637 F.3d at 1059.

Though the court would be justified in dismissing this motion in its entirety based on failure to comply with Rule 8, it is willing to grant plaintiffs one last bite at the apple. For the reasons outlined below, the plaintiffs must constrict their new proposed amended complaint—should they choose to file one—to the business disparagement and slander of title claims.

B.    Res Judicata

Defendants argue that the doctrine of res judicata bars plaintiffs from litigating this case. In Nevada, res judicata applies encompasses the doctrines of claim preclusion and collateral estoppel. *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 312 P.3d 479, 483 n.2 (Nev. 2013).

1.    *Claim Preclusion*

"A valid and final judgment on a claim precludes a second action on that claim or any part of it." *Univ. of Nevada v. Tarkanian*, 110 Nev. 581, 879 P.2d 1180, 1191 (Nev. 1994). "Claim preclusion applies when a second suit is brought against the same party on the same claim." *Executive Mgmt. v. Ticor Title Ins. Co.*, 114 Nev. 823, 963 P.2d 465, 473 (Nev. 1998) (quoting *In re Medomak Canning*, 111 B.R. 371, 373 n.1 (Bankr. D. Me. 1990)). The doctrine precludes a party from bringing claims that "were or could have been raised in a prior suit." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709, 711 (Nev. 2008). In Nevada, a claim "encompasses all claims that arise out of a single set of facts." *Holcombe v. Hosmer*, 477 F.3d 1094, 1098 (9th Cir. 2007) (citing *In re Estate of Firsching*, 94 Nev. 252, 578 P.2d 321, 322 (Nev. 1978)).

Defendants argue that the plaintiffs should have brought all claims in the state court action because the facts there centered around whether the filing encumbered the subject property and

whether there was a willful violation of the lis pendens statute. Plaintiffs argue that the state court litigation was a probate action, not a tort action, and therefore did not address the vast majority of the claims for relief or factual allegations contained in the proposed first amended complaint. The court agrees that plaintiffs could not have brought non-probate related claims to the probate action and, thus, plaintiffs were not precluded from bringing tort claims in a later litigation. *See Ruby*, 194 P.3d at 711.

## 2. *Issue Preclusion (Collateral Estoppel)*

Issue preclusion, or collateral estoppel, bars relitigating issues or law or fact "actually litigated or determined by a final judgment." *Shaw v. Nevada ex rel. Dep't of Training, Emp. & Rehab.*, No. 3:06-CV-00183-LRH-RAM, 2007 WL 9728689, at \*2 (D. Nev. Dec. 14, 2007) (quoting *LaForge v. State ex rel. Univ. & Cmty. Coll. Sys.*, 997 P.2d 130, 133 (Nev. 2000)). Nevada courts use a four-part test to determine issue preclusion: (1) the issue decided in prior litigation is identical to the issue presented in the current litigation; (2) the initial ruling was on the merits and is final; (3) the party against whom the judgment is asserted was a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated. *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 321 P.3d 912, 915 (Nev. 2014).

Judge Sturman's order was issued on the merits after an evidentiary hearing, and was "final and appealable," thereby satisfying the second requirement of the test.[1] (ECF No. 28, Ex. 2). Plaintiff MST was the petitioner in that action and brought it against the same defendants as are present in this action, thus satisfying the third prong. (*Id.*).

---

[1] The court will briefly address plaintiffs' contention that parts of Judge Sturman's order were "wrongfully obtained as a result of fraud upon the court" (e.g., allegation that defendants lied during the probate trial). (ECF No. 30 ¶ 36). Plaintiffs' attempt to use this court as an appellate court or ethics review panel for defendants' alleged misconduct is improper. The court will not consider the merits of these allegations.

As for the first prong, defendants argue that plaintiffs cannot relitigate the issue of whether filing the lis pendens was willful.  In the state court action, Judge Sturman specifically noted that defendant Shelly Dill Combs filed the lis pendens solely in an attempt to secure anticipated future money judgment, but this was improper because "a lis pendens may not be used in place of a writ of attachment to secure the ultimate collection of an anticipated money judgment[.]"  (*Id.* at 7).  Nevertheless, Judge Sturman ruled that the recording of the lis pendens was not a willful violation of the Nevada lis pendens statute, "given the pending litigation between [defendant Shelly Dill Combs] and [her former husband] Scott."  (*Id.* at 10).

With this, defendants contend that the issue in both cases centers around whether defendants willfully filed the lis pendens in contravention of Nevada law.  However, the proposed claims for abuse of process, business disparagement, slander of title, and common law fraud apply mens rea standards ranging from "knowledge of falsity" to "malice" to "willful."

Even if this court were to conclude that the issues are the same despite the varying mens rea standards, the "willfulness" of the filing of the lis pendens was not "necessarily litigated." Whether the issue was "necessarily litigated" turns on whether "the common issue was…necessary to the judgment in the earlier suit."  *Alcantara*, 321 P.3d at 918 (quoting *Tarkanian*, 879 P.2d at 1191).

The outcome of the state court proceedings turned on the fact that defendant Shelly Dill Combs filed the lis pendens to secure anticipated future money judgments from the trust property, and that her substantive claim for relief in the divorce action "does not involved title to the real property."  (ECF No. 28, Ex. 1 at 7).  The plaintiff trusts were not parties to the divorce action. (*Id.* at 2).  While Judge Sturman noted that defendant Shelly Dill Combs did not "willfully" violate the lis pendens law, it was in addition to, but not essential to her judgment that the lis pendens was

void. (*Id.* at 8). Indeed, the "willfully" mens rea is not present in any of cited statutes in the state court case. Thus, plaintiffs are not collaterally estopped from raising this issue.

C.    Compliance with the Court's Amendment Instructions

The court next examines the sufficiency of the claims alleged in the proposed amended complaint. In its December 2025 order, the court explained that plaintiffs could amend their complaint to meet the pleading standard with respect to each of the claims and directed that they explain why they are not barred from bringing their state RICO claim in Nevada. In the proposed amended complaint, plaintiffs drop their claims for interference with contractual relations and negligence per se/crimes against property, and propose amendments to their civil conspiracy claim, common law fraud, and state law RICO claim. For the following reasons, amendment is futile as to all claims except business disparagement and slander of title.

1.    *Civil Conspiracy*

To state a claim for civil conspiracy, a plaintiff must set forth facts showing: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11, 15 (Nev. 2001). The cause of action must be pled with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b), including specificity as to "the manner in which a defendant joined the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Plaintiffs previously alleged civil conspiracy to defraud. Now, they conclusorily allege that defendants conspired to obtain money from plaintiffs through extortion. (ECF No. 28 ¶ 369). The problem is that there is no civil extortion claim in Nevada law. *See Topolewski v. Blyschak*, 2018 U.S. Dist. LEXIS 38740, at \*7–\*8 (D. Nev. Mar. 8, 2018) (holding that the civil conspiracy claim failed because plaintiffs neglected to "properly allege any underlying tort or agreement

- 7 -

between defendants to commit one").  Thus, plaintiffs have failed to state the "commission of an underlying tort."  *See Corbitt*, 21 P.3d at 15.

The court does not see how plaintiffs could remedy this claim.  The issue is no longer one of insufficient facts, but that plaintiffs simply cannot recover using extortion as a basis for their claim.  Plaintiffs' request to amend their civil conspiracy claim is therefore denied.

2.      *Common Law Fraud*

The court dismissed plaintiffs' claim for common law fraud without prejudice because "they fail[ed] to set forth how defendants intended to induce plaintiff[s] to act or refrain from acting upon the alleged misrepresentation."  (ECF No. 25 at 7).  Plaintiffs now contend that "the title company justifiably relied on the lis pendens," (ECF No. 28, Ex. 1 ¶ 376), but fail to allege their own justified reliance or how defendants "intended to induce plaintiff[s] to act or refrain from acting upon the alleged misrepresentation."  (*See* ECF No. 25 at 7).  To be clear, justified reliance is by a plaintiff, not a third party to the action.  *See Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992) (stating elements of common law fraud).

Because plaintiffs failed to correct a deficiency so clearly laid out by the court, their request to amend their claim for common law fraud is denied.

3.      *State law RICO*

The court ordered that, "[t]o properly amend, plaintiff must provide supplemental briefing explaining why [NRS 207.470(3)] should not apply." (ECF No. 25 at 9).  Plaintiffs complain that they cannot comply with both 28 U.S.C. § 1332(a)(1), under which this court has diversity jurisdiction, and NRS 207.470(3)(1), which requires that a Nevada RICO action be filed "in the district court of the State in the county" in which the defendants reside or have committed any act which subjects them to liability.  Plaintiffs argue that 28 U.S.C. § 1332 preempts the Nevada RICO

Act but point to no authority that supports the allegation or the contention that they cannot comply with both laws. For that reason alone, the court can deny the motion in part. *See* Local Rule LR 7-2.

Even still, the preemption argument fails. Federal law preempts state law when: (1) Congress enacts a statute that explicitly preempts state law; (2) the state law regulates conduct in a field Congress intended the Federal Government to occupy exclusively; and (3) to the extent it actually conflicts with federal law. *English v. General Elec. Co.*, 496 U.S. 72, 78–79 (1990); *Tocher v. City of Santa Ana*, 219 F.3d 1040, 1045 (9th Cir. 2000). The notion underlying obstacle preemption is that Congress would want federal law to preempt a state law that "stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of the federal measure. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

NRS 207.470(3)(1) is intended to guard against forum-shopping that would result in plaintiffs bringing state law Nevada RICO claims against defendants with no ties to the state. Nevada has no interest in actions against such defendants. Likewise, the purpose of § 1332 was to "prevent apprehended discrimination in state courts against those not citizens of the [s]tate" and to discourage forum-shopping. *See Hanna v. Plumer*, 380 U.S. 460, 467 (1965). The objectives of § 1332 and NRS 207.470(3)(1) are aligned; to require litigation of this claim in federal court despite this would be contrary to the intentions and purposes of both laws.

Accordingly, plaintiffs have failed to demonstrate to this court why they should be able to proceed on this claim. Plaintiffs' motion to amend the Nevada RICO claim is denied.

D.    Newly Added Claims

Plaintiffs propose the addition of claims for abuse of process, business disparagement, and

slander of title.  The court addresses the sufficiency of each in turn.

        *1.*      *Extortion*

As an initial matter, the proposed amended complaint repeatedly alleges that the defendants attempted to "extort" plaintiffs.  Extortion is a legal conclusion which must be supported by sufficient facts.  Extortion is a category B felony in Nevada, defined as when

> a person, with the intent to extort or gain money or other property…whether or not the purpose is accomplished, threatens directly or indirectly: (1) to accuse any person of a crime; (2) to injure a person or property; (3) to publish or connive at publishing any libel; or (5) to expose any secret.

NRS 205.320.

The proposed amended complaint fails to allege a qualifying threat.  (ECF No. 28, Ex. 1 ¶¶ 62, 63, 66–71).  They allege only that defendants would cancel the lis pendens if plaintiffs paid them some sum of money.  (*Id.* ¶ 60).  No facts provided support that the alleged phone calls, letters or emails allegedly sent by defendants met the elements of extortion.  Thus, the court construes all allegations of extortion as "attempts to obtain money" from plaintiffs.

        *2.*      *Abuse of Process*

To sufficiently plead a claim for abuse of process, plaintiffs must establish: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding."  *Land Baron Inv. v. Bonnie Springs Fam. LP*, 131 Nev. 686, 356 P.3d 511, 519 (Nev. 2015).

Plaintiffs argue that defendants filed and recorded the lis pendens to "extort monies from" them. *See supra* Section III.D.  However, Judge Sturman found that defendant Shelly Dill Combs filed the lis pendens in the Colorado divorce action to secure future money judgments.  (ECF No. 28, Ex. 2 at 7).  While not the proper avenue for the relief defendant Combs sought, the filing was made for the purpose of resolving a legal dispute.  The court therefore denies plaintiffs' motion to

amend the complaint to add this claim.

   *3.   Business Disparagement*

   Under Nevada law, communications constituting business disparagement are "injurious falsehoods that interfere with the plaintiff[s'] business and are aimed at the business's goods or services." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 213 P.3d 496, 504 (Nev. 2009). To successfully plead a claim for business disparagement, a plaintiff must allege: (1) a false and disparaging statement, (2) the unprivileged publication by the defendants; (3) malice, and (4) special damages. *Id.* "Malice is proven when the plaintiff can show either that the defendant published the disparaging statement with the intent to cause harm to the plaintiff's pecuniary interests, or the defendant published a disparaging remark knowing its falsity or with reckless disregard for its truth." *Id.* at 504–05.

   Plaintiffs allege that there was malice because the "purpose of the lis pendens was always to use it as leverage to extort monies from the [p]laintiffs[.]" (ECF No. 28, Ex. 1 ¶ 392). In making this assertion, plaintiffs attempt to relitigate Judge Sturman's key factual finding that the sole reason defendant Shelly Dill Combs' filed the lis pendens was to secure anticipated future money judgment from her former husband (not the plaintiffs) through the lis pendens. (ECF No. 28, Ex. 2 at 4, 7). Plaintiffs have not alleged any legal basis for this claim.

   *4.   Slander of Title*

   "The requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken[,] and that the plaintiff[s] sustain some special damage as a direct and natural result of their having been spoken." *Rowland v. Lepire*, 99 Nev. 308, 662 P.2d 1332, 1335 (Nev. 1983); *Higgins v. Higgins*, 103 Nev. 443, 744 P.2d 530, 531 (explaining that slander of title constitutes false and malicious communications that disparage one's title in land, thereby causing

special damage).

Plaintiffs contend that the element of malice is satisfied because the defendants "as veteran attorneys, had actual knowledge that recording the lis pendens wasn't legally justified because the [p]laintiffs weren't parties to the Colorado Family Court action where it was also filed[.]"[2]  (ECF No. 28, Ex. 1 ¶ 398).  Plaintiffs may proceed with this claim.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to amend the complaint (ECF No. 28) be, and the same hereby is, DENIED without prejudice. Plaintiffs may refile a motion to amend the complaint, bringing claims only for business disparagement and slander of title, within 21 days of this order.

Plaintiffs are ADMONISHED to abide by the requirements of Rule 8.  The court reminds plaintiffs' local counsel of the Nevada Creed of Professionalism and Civility.

DATED March 18, 2026..

_____
UNITED STATES DISTRICT JUDGE

---

[2] The proposed amended complaint provides different elements for this claim, without citation to caselaw supporting why it is the correct legal standard for this court to apply.  (ECF No. 28, Ex. 1 ¶ 395).  Likewise, defendants argue the inapplicability of one of these elements without citation to any case law.  (ECF No. 29 at 9).